SCHMIDT, Respondent, v. POTTER et al, Appellants.

(196 N. W. 292.)

(File No. 5160.  Opinion filed December 3, 1923.)

1. **Landlord and Tenant—Eviction—Failure to Pay Rent Held Breach, Justifying Re-entry.**

Where a lease provided for a cash rental, payable in advance on the 24th of each month, and for a re-entry of possession on failure to pay when due and for breach of any covenants, failure to pay rent on the 24th of the month held a breach of covenants, justifying a re-entry and taking possession by the lessor on the next day.

2. **Estoppel—Joint Tenancy—One Holding Joint Possession of a Garage with Owner Held Estopped from Claiming Rights Under Lease.**

By his actions and conduct, plaintiff, holding possession of a garage under a lease, jointly with defendant owner in the operation of a repair business, held estopped from claiming any rights under the lease, and a verdict for eviction and for conversion was erroneous.

Appeal from Circuit Court, McCook County; Hon. L. L. Fleeger, Judge.

Action by Ed J. Schmidt against L. B. Potter and another, as individuals and as copartners under the firm name of Potter & Hause. From a judgment for plaintiff and an order denying motion for new trial, defendants appeal. Reversed.

See, also, 190 N. W. 319, 46 S. D. 54.

*Jas. R. McGee,* of Salem, for Appellants.

*H. Van Ruschen,* of Salem, and *Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

ANDERSON, P. J. This case comprises two actions, one for eviction, the other for conversion, both growing out of the same transaction, by the court consolidated, and tried as one. The facts in brief are that November 24, 1919, and for some time prior thereto, defendants were owners of a garage building and business in Salem, this state. In the building they had their general office, automobile storehouse, and repair room, comprising one large building, being used by all the parties. On November 24, 1919, appellants rented repair room to respondent. Lease was written and signed by parties, and known as Exhibit A. The

parties took possession at date of lease, and occupied and used the whole room in the building; respondent making major use of repair room as provided in Exhibit A, providing, among other things, that the rent should be paid on the 24th day of each month in advance. Respondent remained in possession of the room, using it as a repair shop. Appellants also had possession of it actually and under Exhibit A up to May 25, 1920. It is claimed that respondent during said time made an average monthly net earning of $62.50. May 25, 1920, respondent having failed to pay rent due, appellants locked the door to the room while he was absent. Upon his return appellants refused to unlock the door, stating they had discontinued the contract, Exhibit A. Nothing more was said or done between them, except that respondent asked for his goods, which appellant denied. Trial was had to a jury, by which the goods were found to be worth $420.

Respondent took possession of the goods which had been stored away and not used by appellants. It appears established as a fact that, after respondent went to work in the repair room, complaints were made of the work he was doing by reason of delay and overcharge. Appellants repeatedly remonstrated with respondent in this regard, and urged on him the necessity of general co-operation between them to prevent the business going to other garages, and in disregard of Exhibit A respondent continued to neglect his work, being gone for days at a time. At last, about May 22, 1920, appellants prevailed on respondent to let some one have the repair business who would take care of it. By common consent respondent agreed to vacate and let repair men have the room. Pursuant thereto appellants entered into a contract for lease of the repair room to mechanics, who also agreed with respondent that he could use the room to complete work commenced, but not finished. As soon as this contract had been made between appellants and said mechanics, respondent, taking a wrongful advantage of the appellants, then obligated to said mechanics to give them possession of the room, required a further consideration to do what he had agreed to do, and, when appellants accepted the terms, he sought to take further advantage by raising the amount he required to vacate. From then respondent locked the doors to the room, excluding appellants personally from their property, and on May 25th, during respondent's absence

appellants locked the doors themselves, respondent having failed to do so. On respondent's return he was advised that any per-, sonal property he had in the room was his, and that he could have it; Exhibit A carrying an option by which respondent could require appellants to keep the personal property, if he did not want it. Respondent refused to accept the goods or exercise his option. Having done nothing and making no election, appellants caused to served upon him Exhibit 1, or 3, being a copy of 1, which was lost between the trials of the case, but was subsequently found.

It is claimed that personal property (at time of locking the door) was worth $400. Exhibit A provides: That the rental of $50 per month is payable in cash, monthly in advance, coming due November 24, 1919, and on the 24th day of each month thereafter, so long as this lease pertains. That the lease shall be from month to month. It is agreed by the parties that:

"Should party of the second part fail to make the above-mentioned payments as specified, or to pay any of the rent when due, or fail to fulfill any of the covenants herein contained, * * * then it shall be lawful for party of the first part to re-enter and take possession of the premises, and hold and enjoy the same, without re-entering working a forfeiture of rents to be paid * * * by party of the second part for full term of this lease, and thereupon it shall be optional with the first party to declare this lease void, and re-enter * * * and remove all persons therefrom without process of law. * * * Second party agrees with first party to carry on an automobile repair business, * * * and generally not to do anything harmful or detrimental to the business of the first party."

[1, 2] Appellants contend that the evidence is insufficient to justify the verdicts, or either of them, returned by the jury, in the sum of $420 in eviction, and $220 in conversion action, on the grounds that it conclusively appears by the evidence that respondent held joint or common possession of the premises in question. It also appears that counsel for respondent in open court waived all claim for exemplary damages. It appears that respondent failed to pay the rent on the 24th day of each month as provided by Exhibit A. This caused a breach of the covenants of the lease, which made it lawful for appellants to re-enter and take possession, which they did.

Under the provisions of Exhibit A we deem it insufficient as a matter of law to justify any damages awarded to respondent on either branch of the case. We are satisfied from the evidence that respondent by his actions and conduct is estopped from claiming any rights under the lease.

Judgment and order denying motion for new trial are reversed.

POLLEY, J., concurs in result.

Note.—Reported in 196 N. W. 292. See, Headnote (1), American Key-Numbered Digest, Landlord and tenant, Key-No. 108(1), 24 Cyc. 1352; (2) Estoppel, Key-No. 74(4), 21 C. J. Sec 205.